| | |
|---|---|
| Joshua B. Swigart (SBN 225557) | Ross Schmierer (*Pro Hac Vice* |
| josh@southwestlitigation.com | admission pending) |
| David J. McGlothlin, Esq. (SBN 253265) | Rschmierer@denittislaw.com |
| david@southwestlitigation.com | Denittis Osefchen Prince P.C. |
| Hyde & Swigart | Five Greentree Centre |
| 2221 Camino Del Rio S., #101 | 525 Route 73 North, Suite 410 |
| San Diego, CA 92108 | Marlton, NJ 08053 |
| Telephone: (619) 233-7770 | Telephone: (856) 797-9951 |
| Facsimile: (619) 297-1022 | Facsimile: (856) 797-9978 |

Abbas Kazerouian (SBN 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Kazerouni Law Group, APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff

# United States District Court
## Central District of California, Southern Division

| | |
|---|---|
| Retina Associates Medical Group, Inc. and Acutecare Health System, LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> The Olson Research Group, Inc., | Case No.: <br><br> **[Class Action]** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** <br><br> **Jury Trial Demanded** |

|   |   |
|---|---|
| 1 | Defendant |

1. Retina Associates Medical Group, Inc. ("Retina") and Acutecare Health System, LLC ("Acutecare") (or jointly as "Plaintiffs"), bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of The Olson Research Group, Inc. ("Defendant") in negligently and/or intentionally sending an unsolicited advertisement to Plaintiffs' facsimile machines, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiffs allege as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

2. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case, "The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions…" *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Central District of California, Southern Division pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the City of Orange, State of California because it conducts business is in the City of Orange, State of California.

**Parties**

5. Retina is, and at all times mentioned herein was, located in the City of Orange, California.

6. Acutecare is, and at all times mentioned herein was, located in the City of Oceanport, State of New Jersey.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendant is located in the City of Yardley, in the State of Pennsylvania.

9. Defendant is, and at all times mentioned herein were, corporations and each was a "person," as defined by 47 U.S.C. § 153 (39).

10. At all times relevant, Defendant conducted business in the State of California and in the City of Orange, within this judicial district.

**Factual Allegations**

Facts as to Retina

11. On or about August 9, 2017 and October 3, 2017, Defendant used Defendant's telephone facsimile machine to send unsolicited advertisements to Retina's facsimile machine.

12. Defendant's telephone facsimile machine has the capacity (A) to transcribe text or images or both from paper into an electric signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper, as defined by 47 U.S.C. § 227(a)(3).

3

13. Defendant's August 9, 2017 and October 3, 2017 advertisements attempted to solicit Retina's representative to perform research work for Defendant in exchange for pay.

14. These August 9, 2017 and October 3, 2017 facsimile transmissions were advertising the commercial availability for paid work to Retina pursuant to 47 U.S.C. § 227(a)(5).

15. Prior to October 3, 2017, Retina did not have an established business relationship with Defendant.

16. Prior to October 3, 2017, Retina did not voluntarily communicate Retina's facsimile number to Defendant.

17. Prior to October 3, 2017, Retina did not advertise its facsimile number for public distribution.

18. Defendant did not provide a notice on the first page of the advertisement pursuant to 47 U.S.C. § 227(2)(D).

19. Defendant's facsimiles forced Retina and class members to pay for the costs of paper for unwanted and unsolicited advertisements from Defendant.

20. The facsimiles from Defendant's telephone facsimile machine to Retina's facsimile were unsolicited by Retina and without Retina's permission or consent.

21. Retina is informed and believes and here upon alleges that these facsimiles were made by Defendant or Defendant's agent, with Defendant's permission, knowledgeand control and for Defendant's benefit.

22. The unsolicited advertisements by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(C).

### Facts as to Acutecare

23. On May 30, 2018, Defendant used Defendant's telephone facsimile machine to send an unsolicited advertisement to Acutecare's facsimile machine.

4

24. Defendant's May 30, 2018 advertisement attempted to solicit Acutecare's representative to perform research work for Defendant in exchange for pay.

25. This May 30, 2018 facsimile transmission was advertising the commercial availability for paid work to Acutecare pursuant to 47 U.S.C. § 227(a)(5).

26. Prior to May 30, 2018, Acutecare did not have an established business relationship with Defendant.

27. Prior to May 30, 2018, Acutecare did not voluntarily communicate Acutecare's facsimile number to Defendant.

28. Prior to May 30, 2018, Acutecare did not advertise its facsimile number for public distribution.

29. Defendant did not provide a notice on the first page of the advertisement pursuant to 47 U.S.C. § 227(2)(D).

30. Defendant's facsimiles forced Acutecare and class members to pay for the costs of paper for unwanted and unsolicited advertisements from Defendant.

31. The facsimiles from Defendant's telephone facsimile machine to Acutecare's facsimile were unsolicited by Acutecare and without Acutecare's permission or consent.

32. Acutecare is informed and believes and here upon alleges that these facsimiles were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, and control and for Defendant's benefit.

33. The unsolicited advertisements by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(C).

### Class Action Allegations

34. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

35. Plaintiffs represent, and are members of the Class, consisting of: All persons within the United States who did not have an established business

relationship with Defendant and who received any unsolicited advertisement from Defendant's telephone facsimile machine or its agent/s and/or employee/s to said person's telephone facsimile machine, within the four years prior to the filing of the Complaint.

36. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. The transmissions of Defendant's unsolicited facsimile advertisements to Plaintiffs and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

   Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited advertisements to the Class (other than to class members who had an established business relationship with Defendant) using a telephone facsimile machine;

   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation;

   Whether Defendant willfully or knowingly violated 47 U.S.C. § 227; and

   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As persons who received at least one unsolicited advertisement from Defendant's telephone facsimile machine, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

42. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful Of The
## Telephone Consumer Protection Act (TCPA)

**47 U.S.C. § 227**

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. It is clear this message sent by Defendant is an unsolicited advertisement intentionally sent to Plaintiffs.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227, Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of

**the TCPA, 47 U.S.C. § 227, Et Seq.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**Trial By Jury**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**Document Preservation Demand**

Plaintiffs demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with Defendant and the communication or transmittal of advertisements as alleged herein.

Respectfully submitted,

Respectfully submitted,

**Kazerouni Law Group**

Date: November 8, 2018               By: */s/ Ryan L. McBride*
                                     Ryan L. McBride, Esq.
                                     Attorneys for Plaintiff